IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN PAUL JONES, | ) | CIVIL NO. 07-00562 JMS/KSC |
| | ) | CR. NO. 06-00332 JMS |
| Petitioner, | ) | |
| | ) | ORDER GRANTING PETITIONER'S |
| vs. | ) | MOTION TO VACATE, SET ASIDE, |
| | ) | OR CORRECT A SENTENCE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER GRANTING PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE**

On November 13, 2007, petitioner John Paul Jones ("Jones") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). In his § 2255 Motion, Jones raises a single issue -- that his attorney, Deputy Federal Public Defender Loretta Faymonville ("DFPD Faymonville"), provided ineffective assistance of counsel based on her failure to file a notice of appeal despite his specific request that she do so.

The United States filed a Preliminary Reply to the § 2255 Motion on November 20, 2007,[1] and an Opposition to the § 2255 Motion on December 12,

---

[1] In this Preliminary Reply, the United States sought an order from the court finding a waiver of attorney-client privilege between Jones and DFPD Faymonville relating to the issue raised in the § 2255 Motion. On November 21, 2007, the court entered an order finding that

(continued...)

2007. On February 22, 2008, after being appointed counsel, Jones filed a Supplemental Memorandum in support of his § 2255 Motion.

## I. BACKGROUND

On June 22, 2006, Jones was indicted by a federal grand jury with Malicious Destruction of Property by Fire or Explosives, in violation of 18 U.S.C. § 844(i). Jones entered a plea of guilty to that charge on December 1, 2006. Pursuant to a Memorandum of Plea Agreement, Jones expressly waived his right to appeal his sentence except under limited circumstances:

> 12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in [18 U.S.C. § 3742], or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
> a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

---

[1](...continued)
Jones had waived his attorney-client privilege with DFPD Faymonville as to the issue raised in his § 2255 Motion.

>	b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

Gov't. Opp'n. Ex. A, ¶ 12.

During the December 12, 2007 sentencing hearing, the court and the parties agreed that the advisory United States Sentencing Guideline ("USSG" or "guideline") range was 60 to 71 months, with a mandatory minimum sentence of 60 months.[2]  *See* Presentence Investigation Report ("PSR") ¶ 96.  After considering the relevant 18 U.S.C. § 3553(a) factors, the court sentenced Jones to 96 months incarceration, three years of supervised release, no fine, restitution of $145,000, and a $100 special assessment.  Gov't. Opp'n. Ex. B, 18-19.

Jones was then informed of his right to appeal, including his right to appeal that portion of the sentence that exceeded the advisory guideline range.  *Id.* at 22.

DFPD Faymonville did not file a notice of appeal.

---

[2] Although Jones' guideline offense level 21, criminal history category IV, called for an advisory guideline range of 57 to 71 months, the applicable guideline range was 60 to 71 months as a result of the mandatory minimum sentence of 60 months under 18 U.S.C. § 844(i).  *See* USSG § 5G1.1(c)(2).

3

## II.  **STANDARD OF REVIEW**

The court's review of Jones' Motion is governed by 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  In the Ninth Circuit, this standard requires an evidentiary hearing where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).  Given Jones' claim that he specifically requested DFPD Faymonville to file a notice of appeal, and given DFPD Faymonville's denial of that claim,[3] the court ordered an evidentiary

---

[3] According to DFPD Faymonville, "[Jones] expressed happiness at the sentence he received, acknowledged that he could have received a greater sentence, and stated that he did not wish to pursue an appeal of the portion of his sentence imposed above the advisory guideline range." *See* Gov't. Opp'n. Ex. C.

hearing and appointed Jones new counsel.  *See* Rules Governing Section 2255 Proceedings For The United States District Courts, Rule 8(c).

### III.  ANALYSIS

The Sixth Amendment guarantees the right to the effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing. *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997).  Further, the Sixth Amendment may be violated if counsel fails to file a notice of appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  To demonstrate ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance was objectively deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

Where a defendant instructs counsel to pursue an appeal, and the counsel fails to do so, that representation is per se ineffective (even in the face of an appeal waiver).  *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005).  A different rule applies, however, where a defendant and his counsel do not discuss appellate rights.  *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), rejected the Ninth Circuit's bright-line rule that failing to file a notice of appeal without the defendant's consent is per se deficient under *Strickland.*  Instead, the Court held that where the defendant "neither instructs counsel to file an appeal nor

asks that an appeal not be taken," a court must ask whether counsel consulted with the defendant about an appeal, meaning to advise the defendant about the advantages and disadvantages of an appeal and making a "reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478.  If counsel did not consult with the defendant, the court must determine if the failure to consult with the defendant constitutes deficient performance.  *Id*.  Counsel must consult with her client concerning an appeal "where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.  A "highly relevant" factor is whether the conviction follows a trial or guilty plea, and whether the defendant waived his appellate rights.  *Id*.  If the first *Strickland* prong is met, to show prejudice a defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

When confronted with a claim that counsel was ineffective by failing to file a notice of appeal, the United States has the option of not objecting and allowing an appeal to proceed:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the [United States] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

*Sandoval-Lopez*, 409 F.3d at 1198.

Although the United States initially opposed Jones' § 2255 Motion, at the hearing on this matter the United States represented that it was electing *Sandoval-Lopez*' second option to permit Jones to file his notice of appeal. Given this request, the court GRANTS the § 2255 Motion[4] and orders that Jones's May 15, 2007 Judgment is VACATED and REENTERED on its same terms and conditions.

### IV. **CONCLUSION**

Jones' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is GRANTED. It is further ORDERED that Jones' May 15, 2007 Judgment (Doc. No. 30) is VACATED and is REENTERED on its same terms and conditions. For purposes of Federal Rule of Appellate Procedure 4(b)(1)(A),

---

[4] To be clear, although the court grants Jones' § 2255 Motion, the court is not making a finding that DFPD Faymonville's conduct was deficient in any manner.

Jones' Judgment shall be deemed to be reentered as of the date this Order is filed. The Clerk of Court shall enter judgment accordingly and terminate Civil No. 07-00562 JMS/KSC.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 17, 2008.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Jones v. United States*; Civil No. 07-00562 JMS/KSC; Cr. No. 06-00332 JMS; Order Granting Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence